UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-80007-CR-MARRA

UNITED STATES OF AMERICA

        Plaintiff,

v.

WILLIAM J. HEBERT,

        Defendants.

_____/

## UNITED STATES'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DE 353)

COMES NOW the United States of America, through the undersigned Assistant United States Attorney, in opposition to defendant's motion for early termination of supervised release, found at docket entry 353, for the following reasons:

1. On April 7, 2011, defendant William J. Hebert pled guilty to counts one and four of the criminal information, that is defendant pled guilty to conspiracy to commit fraud on a financial institution in violation of 18 U.S.C. §1349 and conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h).

2. On September 19, 2011, the court imposed a sentence on defendant that consisted of 42 months incarceration followed by 3 years of supervised release, restitution in the amount of $34,700 and a special assessment of $200.

3. On December 8, 2011, defendant surrendered to serve the imposed sentence. On March 14, 2014, after being incarcerated for 27 months, defendant was released from incarceration at which time defendant began his term of supervised release.

4. Despite being released approximately 14 months prior to filing the motion to terminate supervised release, defendant has only paid $200 toward his restitution obligation. According to information provided by defendant's supervising United States Probation Officer, defendant did not begin to make any payments toward restitution until prompted to do so by the Officer in January 2015, approximately 9 months after commencing his term of supervised release. Furthermore, defendant provided no information as to why he failed to make regular payments.

5. The United States agrees that 18 U.S.C. §3583(e)(1) allows the court to terminate and discharge a defendant from further supervision after the defendant has completed one year of supervised release where the court finds such action is warranted by the conduct of the defendant while on release. In the current case, however, such action is not warranted in as much as defendant has only made 4 payments totaling $200 toward his restitution of $34,700 after being prompted during the 14 months he has been supervised. Additionally, this defendant agreed that he would make restitution to the United States within his plea agreement (DE 174) as stated at paragraph 3. His failure to pay promptly and regularly upon release despite being employed since December 2013 (while in a halfway house prior to release on supervised release) by Rooterman Plumbing, as a plumber's assistant, takes this case outside the type of matter where early termination is warranted.

WHEREFORE, the United States of America requests the court deny defendant's motion for early termination of supervised release.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

/s/ *Ellen L. Cohen*
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0739472
500 Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711; Fax: (561) 659-4526
Ellen.Cohen@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on the 6 day of May, 2015, the undersigned caused a true and correct copy of the above UNITED STATES'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DE 353) to be served via the United States mail on defendant as follows:

William J. Hebert
6351 Heronwalk Drive
Gulf Breeze, Florida

/s/ *Ellen L. Cohen*
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
